# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF LOUISIANA
# MONROE DIVISION

| | |
|---|---|
| **CHRISTOPHER LEE WAINWRIGHT** | **CIVIL ACTION NO. 20-0961** |
| **VS.** | **SECTION P** |
| | **JUDGE TERRY A. DOUGHTY** |
| **WILLIAM ROBERT WOODWARD** | **MAG. JUDGE KAREN L. HAYES** |

## REPORT AND RECOMMENDATION

Plaintiff Christopher Lee Wainwright, a prisoner at Ouachita Correctional Center proceeding pro se and in forma pauperis, filed this proceeding on approximately July 28, 2020, under 42 U.S.C. § 1983. He names Master Trooper William Robert Woodward as defendant.[1] For reasons below, the Court should stay Plaintiff's claims.

## Background

Plaintiff claims that, on August 8, 2019, Master Trooper Woodward performed an unlawful traffic stop. [doc. # 1, p. 3]. Woodward allegedly maintained that Plaintiff was driving erratically. *Id.* Plaintiff disputes this and maintains that he possesses evidence (dash camera footage) to prove he is correct. *Id.*

Plaintiff also suggests that Woodward falsely arrested him for driving while intoxicated, claiming that Woodward fabricated traffic violations and used the fabricated violations to "obtain a [search] warrant . . . for a blood sample." *Id.*

Woodward charged Plaintiff with "driving while impaired 6th offense," improper lane use, "improper turn/no signal 100 feet prior," "no driver's license on person," and driving under

---

[1] This matter has been referred to the undersigned for review, report, and recommendation under 28 U.S.C. § 636 and the standing orders of the Court.

suspension. [doc. #s 9, p. 1; 9-1, p. 1]. An assistant district attorney later declined to prosecute all but the first charge, "driving while impaired 6th offense," which is pending. [doc. #s 9, pp. 1-2; 9-1, p. 18].

Plaintiff also claims that, at the time of arrest, Woodward located Plaintiff's driver's license information, discovered that Plaintiff's license suspension was only pending, yet still arrested him for driving under a suspended license. [doc. #s 9, p. 2; 9-1, p. 16].

Plaintiff has been incarcerated for approximately one year. [doc. #s 1, p. 3; 5, p. 3].

Plaintiff seeks compensation for lost wages, money he spent while incarcerated, lost opportunity to earn income in the future, mental anguish, mental and physical stress, injuries suffered when he was attacked by two other inmates, and the cost of a storage building he rented. [doc. #s 1, p. 4; 5, p. 4; 9, p. 2]. He also seeks a written apology from Woodward. [doc. # 5, p. 4].

## Law and Analysis

### 1. Preliminary Screening

Plaintiff is a prisoner who has been permitted to proceed in forma pauperis. As a prisoner seeking redress from an officer or employee of a governmental entity, his complaint is subject to preliminary screening pursuant to 28 U.S.C. § 1915A.[2] See *Martin v. Scott,* 156 F.3d 578, 579-80 (5th Cir. 1998) (*per curiam*). Because he is proceeding in forma pauperis, his Complaint is also subject to screening under § 1915(e)(2). Both § 1915(e)(2)(B) and § 1915A(b) provide for *sua sponte* dismissal of the complaint, or any portion thereof, if the Court finds it is

---

[2] Under 28 U.S.C. § 1915(h), "'prisoner' means any person incarcerated or detained in any facility who is accused of, convicted of, sentenced for, or adjudicated delinquent for, violations of criminal law or the terms and conditions of parole, probation, pretrial release, or diversionary program."

2

frivolous or malicious, if it fails to state a claim on which relief may be granted, or if it seeks monetary relief against a defendant who is immune from such relief.

A complaint is frivolous when it "lacks an arguable basis either in law or in fact." *Neitzke v. Williams,* 490 U.S. 319, 325 (1989). A claim lacks an arguable basis in law when it is "based on an indisputably meritless legal theory." *Id.* at 327. Courts are also afforded the unusual power to pierce the veil of the factual allegations and dismiss those claims whose factual contentions are clearly baseless. *Id.*

A complaint fails to state a claim on which relief may be granted when it fails to plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly,* 550 U.S. 544, 570 (2007); accord *Ashcroft v. Iqbal,* 556 U.S. 662, 678 (2009). A claim is facially plausible when it contains sufficient factual content for the court "to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678 (citing *Twombly*, 550 U.S. at 570). Plausibility does not equate to possibility or probability; it lies somewhere in between. *Id.* Plausibility simply calls for enough factual allegations to raise a reasonable expectation that discovery will reveal evidence to support the elements of the claim. *Twombly*, 550 U.S. at 556.

Assessing whether a complaint states a plausible claim for relief is a "context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Iqbal, supra.* A well-pled complaint may proceed even if it strikes the court that actual proof of the asserted facts is improbable and that recovery is unlikely. *Twombly, supra*.

In making this determination, the court must assume that all of the plaintiff's factual allegations are true. *Bradley v. Puckett*, 157 F.3d 1022, 1025 (5th Cir. 1998). However, the same presumption does not extend to legal conclusions. *Iqbal, supra.* A pleading comprised of

"labels and conclusions" or "a formulaic recitation of the elements of a cause of action" does not satisfy Rule 8. *Id*. "[P]laintiffs must allege facts that support the elements of the cause of action in order to make out a valid claim." *City of Clinton, Ark. v. Pilgrim's Pride Corp*, 632 F.3d 148, 152-53 (5th Cir. 2010). Courts are "not free to speculate that the plaintiff 'might' be able to state a claim if given yet another opportunity to add more facts to the complaint." *Macias v. Raul A. (Unknown) Badge No. 153*, 23 F.3d 94, 97 (5th Cir. 1994).

A hearing need not be conducted for every pro se complaint. *Wilson v. Barrientos*, 926 F.2d 480, 483 n.4 (5th Cir. 1991). A district court may dismiss a prisoner's civil rights complaint as frivolous based upon the complaint and exhibits alone. *Green v. McKaskle*, 788 F.2d 1116, 1120 (5th Cir. 1986).

"To state a section 1983 claim, a plaintiff must (1) allege a violation of a right secured by the Constitution or laws of the United States and (2) demonstrate that the alleged deprivation was committed by a person acting under color of state law." *Whitley v. Hanna*, 726 F.3d 631, 638 (5th Cir. 2013) (internal quotation marks omitted). Consistent with the standard above, a "[S]ection 1983 complaint must state specific facts, not simply legal and constitutional conclusions." *Fee v. Herndon*, 900 F.2d 804, 807 (5th Cir. 1990).

**2.** *Heck v. Humphrey* **and** *Wallace v. Kato*

Plaintiff claims that Woodward performed an unlawful traffic stop, falsely arrested him, and lied in an affidavit to obtain a search warrant to draw his blood. As above, Plaintiff's driving-while-impaired charge remains pending, but the remaining charges were dropped.

If Plaintiff is convicted of driving while impaired, he may not be entitled to seek relief for his unlawful stop, false arrest, and unlawful search claims until the conviction is reversed, expunged, declared invalid, or called into question by a federal court's issuance of a writ of

habeas corpus. See *Heck v. Humphrey*, 512 U.S. 477 (1994) (holding that a successful civil rights action that would necessarily imply the invalidity of the plaintiff's conviction or sentence must be dismissed unless the plaintiff first shows that the conviction or sentence has been reversed, expunged, declared invalid, or called into question by a federal court's issuance of a writ of habeas corpus).

While the rule in *Heck* does not extend to pending criminal matters, successful unlawful-stop, false-arrest, and unlawful-search claims, under Plaintiff's allegations, could necessarily imply the invalidity of any future conviction.[3] See *Wallace v. Kato*, 549 U.S. 384, 393-94 (2007) (finding that the *Heck* rule applies only when there has been a conviction or sentence that has not been invalidated, not to pending criminal charges).

Prevailing on the unlawful stop claim could necessarily imply the invalidity of a future conviction. Such claims are predicated on a lack of reasonable suspicion and necessarily constitute collateral attacks on a conviction if the conviction is founded on evidence derived from the officer's reasonable suspicion and subsequent stop. See *Jackson v. Vannoy*, 49 F.3d 175, 176 (5th Cir. 1995) (applying *Heck* to an unlawful vehicle stop clam); *Wallace v. Kato*, 549 U.S. 384, n.5 (2007) ("[A] Fourth Amendment claim can necessarily imply the invalidity of a conviction . . . .") *Agard v. Sanders*, 2006 WL 2128079, at *3 (N.D. Tex. July 31, 2006) (finding that the plaintiff's unlawful traffic stop claim would, if proved, implicate the validity of his guilty plea because the evidence discovered following the stop would be subject to suppression).

Prevailing on the unlawful search claim could necessarily imply the invalidity of a future conviction because the claim is predicated on the absence of probable cause for the search and,

---

[3] A successful claim will not necessarily imply the invalidity of a conviction "if the factual basis for the conviction is temporally and conceptually distinct from" the claim. *Bush v. Strain*, 513 F.3d 492, 498 (5th Cir. 2008).

therefore, would constitute a collateral attack on any future conviction founded on evidence derived from the search.[4] See *Hall v. Lorenz*, 48 F. App'x 481 (5th Cir. 2002) ("Hall's claims regarding his allegedly illegal arrest and illegal search and seizure, if successful, would undermine the validity of his felony drug conviction."); *Kato*, 549 U.S. at n.5 ("[A] Fourth Amendment claim can necessarily imply the invalidity of a conviction . . . .").

Prevailing on the false-arrest claim—and establishing that the officer lacked probable cause to charge Plaintiff with driving while impaired—could necessarily imply the invalidity of a conviction because the claim is essentially a collateral attack on a criminal judgment's validity. *Thomas v. Pohlmann*, 681 F. App'x 401, 406 (5th Cir. 2017) (citing *Cormier v. Lafayette City-Par. Consol. Gov't*, 493 Fed. App'x. 578, 583 (5th Cir. 2012)); *Wells v. Bonner*, 45 F.3d 90, 95 (5th Cir. 1995) ("[The plaintiff's] proof to establish his false arrest claim, i.e., that there was no probable cause to arrest [for the crime he was convicted of], would demonstrate the invalidity of [the conviction].").[5]

---

[4] While "a suit for damages attributable to an allegedly unreasonable search may lie even if the challenged search produced evidence that was introduced in a state criminal trial . . . [b]ecause of doctrines like independent source[,] inevitable discovery, and [] harmless error," Plaintiff's allegations do not suggest that any of these doctrines would, following a finding by this Court that the officer lacked probable cause, validate Plaintiff's conviction. See *Heck*, 512 U.S. at n.7 (alterations to original and cited sources omitted); see also *Hudson v. Hughes*, 98 F.3d 868, 872 (5th Cir. 1996) ("If proved, however, [the plaintiff's] false arrest claim necessarily would call into question his conviction as a felon in possession of a firearm. Specifically, if the arresting officers lacked probable cause to arrest Hudson for burglary and the arrest is invalid, the firearm discovered in Hudson's possession as a result of the arrest would be subject to suppression under the Fourth Amendment as the 'fruit' of an illegal arrest. Moreover, it is improbable that doctrines such as independent source, inevitable discovery and harmless error would permit the introduction of the firearm as evidence in this case . . . .").

[5] See also *Queen v. Purser*, 109 Fed. App'x. 659 (5th Cir. 2004) (a former inmate's false-arrest claim necessarily challenged whether the evidence, which an officer seized following an allegedly illegal stop, and which led to his subsequent conviction, supplied probable cause for his arrest; thus, the claim was not cognizable absent a showing that the conviction had been invalidated); *Chande v. Moore*, 606 F. App'x 238, 239 (5th Cir. 2015) ("Because a showing that

That the State dismissed the remaining charges is of no consequence. Plaintiff, plainly, seeks relief for an allegedly unlawful *stop*, *arrest*, and *search*, which all relate to his pending charge. "The specific crimes charged are irrelevant if the § 1983 claims would cause a civil judgment in the plaintiff's favor to 'collide' with the criminal judgment. It also is immaterial that the plaintiff was not convicted on every count charged." *Cormier*, 493 F. App'x at 583-85 (internal quotation marks and quoted sources omitted). For example, "[f]alse-arrest and malicious-prosecution claims—as attacks on probable cause—focus on the validity of the arrest. Thus, [i]f there was probable cause for any of the charges made . . . then the *arrest* was supported by probable cause, and *Heck* applies."

Likewise, while the alleged unlawful stop relates to the dismissed charges, it also relates to the pending charge; thus, a judgment in plaintiff's favor on the unlawful-stop claim would 'collide' with any conviction on the pending charge. While the alleged unlawful search relates (in part) to the dismissed charges, it primarily concerns the pending driving-while-impaired charge; so too, a judgment in Plaintiff's favor on the unlawful-search claim would collide with any conviction on the pending charge.

Federal courts may stay civil rights claims that attack the legality of a detainee's arrest, prosecution, and detention until the allegedly improper state prosecution concludes. See *Kato*, 549 U.S. at 393-94 ("If a plaintiff files a false-arrest claim before he has been convicted (or files any other claim *related to* rulings that will likely be made in a pending or anticipated criminal

---

there was no probable cause for the challenged entry, search, seizure, and arrest would call into question the validity of [plaintiff's] resulting conviction for unlawful possession of a controlled substance with intent to deliver in a drug-free zone," the plaintiff's claims were barred by *Heck*); *Goldston v. City of Monroe ex rel. Monroe Police Dep't*, 621 F. App'x 274 (5th Cir. 2015).

7

trial), it is within the power of the district court . . . to stay the civil action until the criminal case . . . is ended.") (emphasis supplied).

Here, Plaintiff's claims are *related to* rulings that will likely be made concerning his pending charge. Accordingly, the Court should stay these claims pending the outcome of Plaintiff's ongoing criminal prosecution.

## **Recommendation**

For the foregoing reasons, **IT IS RECOMMENDED** that Plaintiff Christopher Lee Wainwright's claims be **STAYED** under the following conditions:

> a. If Plaintiff intends to proceed with his claims, he must, within thirty (30) days of the date the criminal proceedings against him conclude, file a motion to lift the stay;
>
> b. If the stay is lifted and the Court finds that Plaintiff's claims would impugn the validity of his conviction, the action will be dismissed under *Heck*; if no such finding is made, the action will proceed absent some other bar to suit;
>
> c. Plaintiff should not file any more documents concerning these claims (other than an objection to this Report and Recommendation if he so chooses) in this action until the state court proceedings conclude; and
>
> d. Defendant shall not be required to answer this particular claim during the stay, and Plaintiff may not seek a default judgment or conduct any discovery during the stay.

Under the provisions of 28 U.S.C. § 636(b)(1)(C) and Rule 72(b), parties aggrieved by this recommendation have fourteen (14) days from service of this Report and Recommendation to file specific, written objections with the Clerk of Court. A party may respond to another party's objections within fourteen (14) days after being served with a copy of any objections or response to the district judge at the time of filing.

**Failure to file written objections to the proposed factual findings and/or the proposed legal conclusions reflected in this Report and Recommendation within fourteen**

8

**(14) days following the date of its service, or within the time frame authorized by Fed. R. Civ. P. 6(b), shall bar an aggrieved party from attacking either the factual findings or the legal conclusions accepted by the District Court, except upon grounds of plain error.** *See Douglass v. United Services Automobile Association*, **79 F.3d 1415 (5th Cir. 1996).**

In Chambers, Monroe, Louisiana, this 6th day of October, 2020.

                                               Karen L. Hayes
                                               United States Magistrate Judge